UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - FLINT

IN RE:

RICHFIELD EQUITIES, L.L.C., et al.,     Case No. 12-33788-dof
                                                  Chapter 7 Proceeding
        Debtor.                       Hon. Daniel S. Opperman
_____/
SAMUEL D. SWEET, Chapter 7 Trustee,

       Plaintiff,

v.                                                          Adversary Proceeding
                                                         Case No. 14-03156-dof

BLUE SKIES ENERGY, L.L.C.,

       Defendant.
_____/

OPINION REGARDING MOTION TO DISQUALIFY

The Trustee seeks the disqualification of Defendant Blue Skies Energy's ("BSE") counsel, Butzel Long, P.C., due to a conflict of interest. Following a hearing on July 22, 2015, the Court permitted the parties to file additional pleadings and took the matter under advisement. For the reasons set forth below, the Trustee's motion to disqualify Butzel Long is denied.

BACKGROUND

On January 1, 2004, Richfield Equities, LLC, the parent company of Richfield Landfill, Inc., entered into an Agreement with BSE pursuant to which it granted BSE the exclusive rights to assess the economic viability of collecting and treating landfill gas at a landfill located in Davison, Michigan (the "Richfield Landfill") and of marketing residue gas. Pursuant to that Agreement, if BSE determined that the project was viable, it would then receive a Landfill Gas Deed in exchange

for its agreement to install a gas gathering system at its own expense. BSE elected to proceed with the project.

On February 7, 2004, Richfield Equities, LLC granted BSE a Landfill Gas Deed ("2004 Deed"). However, Richfield Equities, LLC, did not own or hold title to, nor has it ever owned or held title to, Richfield Landfill. Richfield Landfill, Inc. currently, and at all relevant times, owned and held title to Richfield Landfill. On February 23, 2004, the 2004 Deed was recorded with the Genesee County Register of Deeds.

In March 2006, Richfield Equities and BSE entered into a Subscription Agreement for Economic Interest in BSE. The Subscription Agreement provided, among other things, for the execution of a "curative deed . . . for the purpose of correcting the name of the grantor in the Landfill Gas Deed."

On February 18, 2011, Richfield Landfill, Inc. executed a "curative" Landfill Gas Deed ("2011 Deed") to BSE, stating, in pertinent part: "This Landfill Gas Deed is a corrective and curative deed which corrects a Landfill Gas Deed executed February 7, 2004 recorded at the Genesee County Register of Deeds on February 23, 2004 . . . . Due to a clerical error, the Original Deed incorrectly named an affiliate of Richfield Landfill, Inc. as Grantor." On February 25, 2011, the 2011 Deed was recorded with the Genesee County Register of Deeds.

On September 18, 2012, Richfield Equities and its three subsidiaries, including Richfield Landfill, filed for relief under Chapter 11. The cases were converted to chapter 7 on February 25, 2013, and Samuel D. Sweet was appointed as the Chapter 7 Trustee.

On September 18, 2014, the Trustee commenced this adversary proceeding against BSE alleging seven counts: (I) Avoidance of Original Deed and/or Determination of Defendant's Interest

-2-

in Real Property; (II) Avoidance of Second Deed as a Fraudulent Transfer; (III) Avoidance of Transfer of Landfill Gas as a Fraudulent Transfer under MCL 566.34; (IV) Avoidance of Transfer of Landfill Gas as a Fraudulent Transfer under 11 U.S.C. § 548; (V) Avoidance and Recovery of Transfer of Landfill Gas Harvested Post-Petition under 11 U.S.C. §§ 549, 550, and 551; (VI) Turnover and Accounting under 11 U.S.C. § 542; and (VII) Claim Disallowance under 11 U.S.C. § 502.

In its answer to the complaint, BSE asserted that the second deed merely served to correct a clerical error in the original deed and therefore the transfer date was the date of the original deed. BSE also argued that the Richfield Landfill received reasonably equivalent value in exchange for the transfer of the landfill gas rights to BSE. BSE further asserted that the transfer of the landfill gas rights resulted in no diminution of value to Richfield Landfill and discharged substantial obligations of Richfield Landfill.

Following a motion for summary judgment filed by BSE and a subsequent motion for leave to file amended affirmative defenses to complaint and counter-complaint, the Court permitted BSE to amend its affirmative defenses and file a counter-complaint asserting reformation of instrument.

On May 15, 2015, BSE filed its First Amended Affirmative Defenses to Complaint and Counter-Complaint. In it, BSE asserted, in addition to its original affirmative defenses, that Richfield Landfill was a mere instrumentality of Richfield Entities. BSE also asserted that the failure to list the correct name of the grantor in the original deed was a mutual mistake of the parties, subject to correction through judicial reformation of the original deed. Additionally, BSE argued that it was a good faith transferee of the landfill gas rights.

In its counter-complaint, BSE seeks a declaratory judgment under the doctrine of reformation

-3-

14-03156-dof    Doc 144    Filed 10/01/15    Entered 10/01/15 15:51:58    Page 3 of 8

of instrument that the parties' agreement to render the 2011 deed effective as of 2004 is valid and enforceable or that the transfer of the gas rights should be deemed effective and perfected as of 2004.

On June 7, 2015, the Trustee filed this motion to disqualify Butzel Long as counsel for BSE because Butzel Long previously represented Debtors. The Trustee asserts that Butzel Long represented Debtors as far back as 2003 on matters related to BSE, gas migration, air quality issues and gas management and environmental issues adverse to the State of Michigan and Michigan Department of Environmental Quality. The Trustee contends that the subject matter of Butzel Long's representation of Debtors is directly related to the issues in this adversary proceeding because BSE's defense to the Trustee's avoidance action is that it provided consideration to Debtors in exchange for the landfill gas deed. This consideration consisted of installation of a gas gathering system, discharging legal obligations of Debtors to manage and extract landfill gas, allowing Debtors to avoid closure of the landfill, and generating revenue for Debtors' benefit. (Def's Resp. to Pl's Interrog. #1, Ex. 6g to Pl's Mot. to Disqualify). The Trustee contends that because there are factual and/or legal issues that overlap and because there is a likelihood that Butzel Long obtained confidential information that would be relevant in this adversary proceeding, Butzel Long should be disqualified.

BSE contends that there is no conflict because Butzel Long did not provide any legal services to Debtors with respect to BSE and all such work was handled in-house or by Debtors' environmental consultants. BSE argues that this adversary proceeding, which seeks to void the 2011 Deed as a fraudulent transfer, does not involve the same kind of matters for which Butzel Long rendered legal services to Debtors.

BSE provided affidavits from Beth S. Gotthelf, Susan L. Johnson, and William B. Clifford, Jr., all current or former Butzel Long attorneys, which refute the Trustee's position. BSE also provided the affidavit of Frederick Hambleton, the former Vice President and owner of Richfield Equities in support of its position.

BSE also challenges the timeliness of the motion to disqualify and argues that the Trustee knew when this adversary proceeding was commenced, in September 2014, that Butzel Long had previously represented Debtors. BSE asserts that the Trustee's delay of over eight months in raising the conflict issue should result in a waiver of his right to object to Butzel Long's representation of BSE.

## JURISDICTION

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157, 28 U.S.C. § 1334, and E.D. Mich. LR 83.50. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate).

## DISCUSSION

"The power to disqualify an attorney from a case is 'incidental to all courts, and is necessary for the preservation of decorum, and for the respectability of the profession.'" *Kitchen v. Aristech Chem.*, 769 F. Supp. 254, 256 (S.D. Ohio 1991) (quoting *Ex Parte Burr*, 9 Wheat. 529, 22 U.S. 529, 531, 6 L. Ed. 152 (1824)). However, "the ability to deny one's opponent the services of capable counsel, is a potent weapon." *Manning v. Waring, Cox, James, Sklar & Allen*, 849 F.2d 222, 224 (6th Cir. 1988). "A court should only disqualify an attorney 'when there is a reasonable possibility that some specifically identifiable impropriety actually occurred.'" *Moses v. Sterling Commerce*

-5-

14-03156-dof    Doc 144    Filed 10/01/15    Entered 10/01/15 15:51:58    Page 5 of 8

(*America*), Inc., 122 Fed. Appx. 177, 183-84 (6th Cir. 2005) (quoting *Kitchen v. Aristech Chem.*, 769 F. Supp. at 257).

The Sixth Circuit has held that disqualification is appropriate if "'(1) a past attorney-client relationship existed between the party seeking disqualification and the attorney it seeks to disqualify; (2) the subject matter of those relationships was/is substantially related; and (3) the attorney acquired confidential information from the party seeking confidential information.'" *Bowers v. Ophthalmology Group*, 733 F.3d 647, 651 (6th Cir. 2013) (quoting *Dana Corp. v. Blue Cross & Blue Shield Mut. of N. Ohio*, 900 F.2d 882, 889 (6th Cir. 1990)). The movant has the burden of proving that opposing counsel should be disqualified. *See Bartech Indus., Inc. v. Int'l Baking Co., Inc.*, 910 F. Supp. 388, 392 (E.D. Tenn. 1996). A decision to disqualify counsel must be based on a factual inquiry conducted in a manner which will afford appellate review. *General Mill Supply Co. v. SCA Servs., Inc.*, 697 F.2d 704, 710 (6th Cir. 1982)

The Michigan Rules of Professional Conduct set forth a similar requirement. MRPC 1.9 provides:

> (a) A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client consents after consultation.
>
> (b) Unless the former client consents after consultation, a lawyer shall not knowingly represent a person in the same or a substantially related matter in which a firm with which the lawyer formerly was associated has previously represented a client (1) whose interests are materially adverse to that person, and (2) about whom the lawyer had acquired information protected by Rule 1.6 and 1.9(c) that is material to the matter.

MRPC 1.9(a) and (b).

The parties do not dispute that Butzel Long previously represented Debtors and now

represents BSE in a matter adverse to Debtors. The issue is whether the matters are substantially related. In *Bowers*, the Sixth Circuit suggested that "[m]atters are 'substantially related' . . . if they involve the same transaction or legal dispute or if there is otherwise a substantial risk that confidential factual information as would normally have been obtained in the prior representation would materially advance the client's position in the subsequent matter." *Id*. at 652 (citations omitted). *See also Atmosphere Hospitality Mgmt. Servs., LLC v. Royal Realties*, LLC., 28 F. Supp. 3d 692, 697 (E.D. Mich. 2014).

The present adversary proceeding seeking to avoid the transfer of gas rights to BSE does not involve "the same transaction or legal dispute" as any of the environmental matters for which Butzel Long provided legal services to Debtors. Therefore, the Court must determine whether there is a likelihood that Butzel Long acquired confidential information in the prior representation that could be relevant in the present lawsuit. After carefully reviewing the Trustee's submissions and argument, the Court simply cannot conceive of any confidential information that Butzel Long could have obtained that might be relevant in this adversary proceeding. Butzel Long had no involvement with the 2004 or 2011 deeds to BSE. Further, the affidavits support Butzel Long's position that landfill gas and air issues were handled almost exclusively in-house or by consultants. It is unlikely that Butzel Long obtained any specific knowledge pertaining to issues in this adversary proceeding. "[T]he disqualification of an attorney is not appropriate when the targeted counsel only obtained a general knowledge of the prior client's workings or manner of operation." *Fed.-Mogul World Wide, Inc. v. Mahle GmbH*, No. 11-10675, 2012 WL 834459, at *3 (E.D. Mich. Mar. 13, 2012).

-7-

14-03156-dof    Doc 144    Filed 10/01/15    Entered 10/01/15 15:51:58    Page 7 of 8

Because the Court finds no basis for disqualification of Butzel Long, it need not address BSE's timeliness argument.

Accordingly, the Trustee's motion is denied. Counsel for BSE is directed to prepare an order consistent with this Opinion and with the presentment of order procedures of the Court.

**Signed on October 01, 2015**

```
        /s/ Daniel S. Opperman
    Daniel S. Opperman
    United States Bankruptcy Judge
```